MERANZE, KATZ & GAUDIOSO, P.C.
By: David A. Gaudioso, Esquire
Identification No.: 65719
121 South Broad Street, Suite 1300
Philadelphia, PA 19107
Tel.: 215-546-4183
Fax: 215-790-1382

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD KNAWCZYK, Fund Administrator of
the ASBESTOS WORKERS PHILADELPHIA
WELFARE FUND AND PENSION FUND
2014 Hornig Road
Philadelphia, PA 19116

     Plaintiff

v.

GRAHAM TECH ENVIRONMENTAL SERVICE
958 Jackson Road
Mays Landing, NJ 08330

     Defendant

CIVIL ACTION

No.:_____

## COMPLAINT
## PARTIES

1. Plaintiff, Edward Krawczyk ("Krawczyk") is the administrator for the Abestos Workers Philadelphia Welfare Fund and Pension Fund (hereinafter, "the Funds"),

employee benefit plans within the meaning of §3(3) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as amended 29 U.S.C. §1002 (1) and (3) and Section 2 (37) of ERISA, 29 U.S.C. §1002 (37), with their principal offices located at 2014 Hornig Road, Philadelphia, PA 19116.

2. Plaintiff Krawczyk brings this action as the administrator of the afore-referenced Funds and on behalf of the participants and beneficiaries of the said Funds.

3. Defendant Graham Tech Environmental Service ("Graham") is believed and therefore averred to be a corporation organized and existing under the laws of the State of New Jersey with its principal offices at 958 Jackson Road, Mays Landing, New Jersey 08330. Defendant Graham is registered to do business or otherwise performs substantial business in the Commonwealth of Pennsylvania. Defendant Graham is an employer within the meaning of Section 2(2) of the National Labor Relations Act, 29 U.S.C. §152(2) and Section 301(a) of the Labor Management Relations Act. 29 U.S.C. §185(a). Defendant Lucky is an employer within the meaning of §2(5) of ERISA, 29 U.S.C. §1002(5) and within the meaning of Section 515, of ERISA, 29 U.S.C. §1145.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court is invoked pursuant to Section 301(c) of the LMRA, 29 U.S.C. §185(c), and Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), and 28 U.S.C. §§1131 and 1337 providing for original jurisdiction in the District Courts of the United States in Civil Actions that arise out of Acts of Congress regulating commerce.

5.   Venue in the United States District Court of the Eastern District of Pennsylvania is proper pursuant to Section 301(c) of the LMRA, 29 U.S.C. §185(c), and Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) since the plaintiff resides and maintain its administrative offices in the Eastern District of Pennsylvania. Additionally, all of the work for which Graham was required to make various benefit fund contributions and payments was performed in the Eastern District of Pennsylvania.

## FACTS

6.   At all relevant times, Defendant Graham has been a party to a collective bargaining agreement with the International Association of Heat and Frost Insulators and Asbestos Workers Local No. 14 ("Local 14") requiring the payment of health and welfare, pension, annuity, vacation, apprenticeship, industry, scholarship, market recovery, savings and mesothelioma contributions to the Plaintiff Funds on behalf of employees who are members of Local 14.

7.   Pursuant to the terms and conditions of the aforestated collective bargaining agreement and the Funds' Statement of Policy for Collection of Delinquent Contributions, Defendant Graham is obligated to submit Monthly Payroll Summary Reports detailing, for each employee: the gross wages paid, the regular and overtime hours worked each week, and calculations of the total amount due and owing to Local 14 and the Funds.

8.   Pursuant to the terms and conditions of the collective bargaining agreement and the Funds' Statement of Policy for Collection of Delinquent Contributions, which is

binding upon Defendant Graham, Defendant must also remit interest penalties for untimely payment of contributions which are assessed at twelve (12%) percent per annum, liquidated damages in the amount of ten percent (10%) of the unpaid contributions and all reasonable attorneys fees and costs incurred in collecting the above-referenced delinquent contributions.

9. Defendant has failed and refused to make any contributions to the Plaintiff Funds for work performed by participants in the Funds for work month March, 2025.

10. Defendant has been duly notified of said delinquency but has failed to respond in any manner and refused to make appropriate and timely payment as required by the collective bargaining agreement.

11. Said failure and refusal to remit contractually mandated contributions constitutes a willful derogation of Defendant's responsibilities to its employees who perform work pursuant to the above referenced collective bargaining agreement as well as Defendant's obligations pursuant to ERISA.

## COUNT ONE

### BREACH OF CONTRACT UNDER SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT AGAINST GRAHAM

12. Plaintiffs allege the averments contained in paragraph 1 through 11 above as if they have been set forth fully herein.

13. According to Plaintiffs' contribution records, Graham owes the Plaintiff principal, interest and liquidated damages on omitted contributions on behalf of Local 14 members for work month March, 2025.

14. Defendant's failure to remit contractually mandated contributions for these periods constitutes a willful derogation of Graham's responsibilities to its employees who performed work pursuant to the above-referenced collective bargaining agreement and further is a violation of Section 301 of the LMRA.

## COUNT TWO

### BREACH OF CONTRACT AND BREACH OF STATUTORY OBLIGATIONS UNDER ERISA SECTION 515 AS AGAINST DEFENDANT GRAHAM

15. Plaintiff alleges the averments contained in paragraphs 1 through 14 above as if they have been set forth fully herein.

16. According to Plaintiff's contribution records, Graham owes the Plaintiff Funds principal, interest and liquidated damages for omitted contributions on behalf of Local 14 members for the work month March, 2025.

17. Defendant's failure and refusal to remit payment of contractually mandated benefit fund contributions for these periods constitutes a willful derogation of Defendant Graham's responsibilities to its employees who perform work pursuant to the above-referenced collective bargaining agreement and further is a violation of Section 515 of ERISA.

WHEREFORE, Plaintiff Edward Krawczyk, on behalf of the Asbestos Workers Philadelphia Funds, seeks judgment on the Funds' behalf and on behalf of its participants and requests relief from this Honorable Court as follows:

(a) Judgment against Defendant Graham for the principal amounts due to the Funds for work month March, 2025, plus ERISA mandated interest and liquidated damages as applicable;

(b) Costs and reasonable attorney's fees pursuant to ERISA; and

(c) Such other and further relief as the Court deems just and proper.

MERANZE, KATZ & GAUDIOSO, P.C.

Date: August 27, 2025

By: _____
DAVID A. GAUDIOSO, ESQUIRE
121 South Broad Street, Suite 1300
Philadelphia, PA 19107
Tel. (215) 546-4183
Fax (215) 790-1382
Email: dgaudioso@meranzekatz.com
Attorney for Plaintiffs